**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 98-4857

JACK SHERMAN WYATT,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Herbert N. Maletz, Senior Judge, sitting by designation.
(CR-98-224-WMN)

Submitted: June 30, 1999

Decided: September 24, 1999

Before WIDENER, NIEMEYER, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

James S. Salkin, SALKIN & SHOCKETT, P.A., Baltimore, Mary-
land, for Appellant. Lynne A. Battaglia, United States Attorney, Tarra
DeShields-Minnis, Assistant United States Attorney, Baltimore,
Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Jack Sherman Wyatt appeals his conviction for possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g) (1994). On appeal, Wyatt challenges the sufficiency of the evidence used to convict him and contends that the district court erred in denying his motion pursuant to Fed. R. Crim. P. 33. Finding no merit to either of his assignments of error on appeal, we affirm Wyatt's conviction and sentence.

Considering the evidence in the light most favorable to the Government, as we must, we have no difficulty concluding that the evidence was "sufficient for a rational trier of fact to have found the essential elements of the crime beyond a reasonable doubt." United States v. Brewer, 1 F.3d 1430, 1437 (4th Cir. 1993); see also Glasser v. United States, 315 U.S. 60, 80 (1942). Wyatt's contrary assertions go to the credibility of the witnesses and the weight of the evidence, rather than its sufficiency. See United States v. Saunders , 886 F.2d 56, 60 (4th Cir. 1989). Moreover, we find no abuse of discretion on the part of the district court in declining to order a new trial as a result of Wyatt's allegations of juror misconduct. See United States v. Dorsey, 45 F.3d 809, 817 (4th Cir. 1995); Fed. R. Evid. 606(b); see also Tanner v. United States, 483 U.S. 107, 121 (1987).

Accordingly, we affirm Wyatt's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

2